UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 0:20-cv-61220

DANNIE PATTERSON,

    Plaintiff,

v.

CAPIO PARTNERS, LLC, and COLUMBIA
HOSPITAL CORPORATION OF SOUTH
BROWARD d/b/a WESTSIDE REGIONAL
MEDICAL CENTER,

    Defendant.
_____/

**COLUMBIA HOSPITAL CORPORATION OF SOUTH BROWARD'S
ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant Columbia Hospital Corporation Of South Broward ("CHCSB" or the "Defendant") in response to the Complaint filed by Plaintiff on June 22, 2020 [ECF No. 1] (the "Complaint"), denies any violation of 15 U.S.C. §1692 et seq., the Fair Debt Collection Practices Act ("FDCPA"), and Fla. Stat. § 559.55 et seq., the Florida Consumer Collection Practices Act ("FCCPA"). In further response to the Complaint, CHCSB states as follows:

**JURISDICTION AND VENUE**

1.  On information and belief that Plaintiff's Complaint alleges a violation of 15 U.S.C. §1692 et seq., the Fair Debt Collection Practices Act ("FDCPA"), jurisdiction of this Court is admitted.

2.  On information and belief that Plaintiff's Complaint alleges a violation of the FDCPA, supplemental jurisdiction is admitted for allegations brought under Fla. Stat. § 559.55 et seq., the Florida Consumer Collection Practices Act ("FCCPA").

3. With regard to Paragraph 3, CHCSB admits that venue within this District is proper, CHCSB is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 3 and therefore, denies same.

**PARTIES**

4. CHCSB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint, and, therefore, denies the same.

5. CHCSB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint and, therefore, denies the same.

6. CHCSB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint and, therefore, denies the same.

7. CHCSB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint and, therefore, denies the same.

8. With regard to Paragraph 8, CHCSB admits that it is a Florida Corporation but denies that its principal place of business is in Tennessee.

9. CHCSB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 and, therefore, denies same.

**DEMAND FOR JURY TRIAL**

10. CHCSB admits that Plaintiff has demanded a jury trial on all accounts.

**FACTUAL ALLEGATIONS**

11. CHCSB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 and, therefore, denies same.

SL 3937387.1

12. CHCSB admits that it provided medical care to Plaintiff but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 12 and, therefore, denies same.

13. CHCSB denies the allegations in Paragraph 13 of the Complaint.

14. CHCSB admits that it charged a fee for medical care provided to Plaintiff but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 14 and, therefore, denies same.

15. CHCSB denies the allegations in Paragraph 15 of the Complaint.

16. CHCSB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 and, therefore, denies same.

17. CHCSB is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 17 and, therefore, denies same.

18. CHCSB is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 18 and, therefore, denies same.

19. CHCSB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 and, therefore, denies same.

20. CHCSB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 and, therefore, denies same.

21. The allegations contained in Paragraph 21 are directed to a separate Defendant, thus requiring no response for this Defendant. CHCSB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 and, therefore, denies same.

SL 3937387.1

22. The allegations contained in Paragraph 22 are directed to a separate Defendant, thus requiring no response for this Defendant. CHCSB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 and, therefore, denies same.

23. The allegations contained in Paragraph 23 are directed to a separate Defendant, thus requiring no response for this Defendant. CHCSB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 and, therefore, denies same.

24. The allegations contained in Paragraph 24 are directed to a separate Defendant, thus requiring no response for this Defendant. CHCSB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 and, therefore, denies same.

25. Paragraph 25 of the Complaint states legal conclusions and legal argument directed to a separate Defendant to which no response is required. To the extent a response is required, CHCSB is without knowledge or knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 and, therefore, denies the same.

26. Paragraph 26 of the Complaint states legal conclusions and legal argument directed to a separate Defendant to which no response is required. To the extent a response is required, CHCSB is without knowledge or knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and, therefore, denies the same.

27. Paragraph 27 of the Complaint states legal conclusions and legal argument directed to a separate Defendant to which no response is required. To the extent a response is required, CHCSB is without knowledge or knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and, therefore, denies the same.

28. Paragraph 28 of the Complaint states legal conclusions and legal argument directed to a separate Defendant to which no response is required. To the extent a response is required, CHCSB

is without knowledge or knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 and, therefore, denies the same.

29. Paragraph 29 of the Complaint states legal conclusions and legal argument directed to a separate Defendant to which no response is required. To the extent a response is required, CHCSB is without knowledge or knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and, therefore, denies the same.

30. Paragraph 30 of the Complaint states legal conclusions and legal argument directed to a separate Defendant to which no response is required. To the extent a response is required, CHCSB is without knowledge or knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and, therefore, denies the same.

31. Paragraph 31 of the Complaint states legal conclusions and legal argument directed to a separate Defendant to which no response is required. To the extent a response is required, CHCSB is without knowledge or knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 and, therefore, denies the same.

**COUNT I**
**VIOLATION OF 15 U.S.C. § 1692e & § 16922e(2)(a)**
Against Defendant-DC.

32. The allegations contained in Paragraph 32 are directed to a separate Defendant, thus requiring no response for this Defendant. To the extent that a response is deemed required, for its response to Paragraph 32, CHCSB incorporates by reference Paragraphs 1 through 31 of the Complaint as though fully stated herein.

33. The allegations contained in Paragraph 33 are directed to a separate Defendant, thus requiring no response for this Defendant. In addition, Paragraph 33 contains legal conclusions and legal argument to which no response is required. To the extent a response is required, for its

response to Paragraph 33, CHCSB is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33, and, therefore, denies the same.

34. The allegations contained in Paragraph 34 are directed to a separate Defendant, thus requiring no response for this Defendant. In addition, Paragraph 34 contains legal conclusions and legal argument to which no response is required. To the extent a response is required, for its response to Paragraph 34, CHCSB is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34, and, therefore, denies the same.

35. The allegations contained in Paragraph 35 are directed to a separate Defendant, thus requiring no response for this Defendant. In addition, Paragraph 35 contains legal conclusions and legal argument to which no response is required. To the extent a response is required, for its response to Paragraph 35, CHCSB is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35, and, therefore, denies the same.

36. The allegations contained in Paragraph 36 are directed to a separate Defendant, thus requiring no response for this Defendant. In addition, Paragraph 36 contains legal conclusions and legal argument to which no response is required. To the extent a response is required, for its response to Paragraph 35, CHCSB is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36, and, therefore, denies the same.

37. The allegations contained in Paragraph 37 are directed to a separate Defendant, thus requiring no response for this Defendant. In addition, Paragraph 37 contains legal conclusions and legal argument to which no response is required. To the extent a response is required, for its response to Paragraph 37, CHCSB is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37, and, therefore, denies the same.

38.     The allegations contained in Paragraph 38 are directed to a separate Defendant, thus requiring no response for this Defendant. In addition, Paragraph 38 contains legal conclusions and legal argument to which no response is required. To the extent a response is required, for its response to Paragraph 38, CHCSB is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38, and, therefore, denies the same.

39.     The allegations contained in Paragraph 39 are directed to a separate Defendant, thus requiring no response for this Defendant. In addition, Paragraph 39 contains legal conclusions and legal argument to which no response is required. To the extent a response is required, for its response to Paragraph 39, CHCSB is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39, and, therefore, denies the same.

40.     The allegations contained in Paragraph 40 are directed to a separate Defendant, thus requiring no response for this Defendant. In addition, Paragraph 40 contains legal conclusions and legal argument to which no response is required. To the extent a response is required, for its response to Paragraph 40, CHCSB is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40, and, therefore, denies the same.

**COUNT II**
**VIOLATION OF FLA. STAT. § 559.72(9)**
Against Defendant-DC

41.     The allegations contained in Paragraph 41 are directed to a separate Defendant, thus requiring no response for this Defendant. To the extent that a response is deemed required, for its response to CHCSB incorporates by reference Paragraphs 1 through 31 of the Answer as though fully set forth herein.

42.     The allegations contained in Paragraph 42 are directed to a separate Defendant, thus requiring no response for this Defendant. In addition, Paragraph 42 contains legal conclusions and

legal argument to which no response is required. To the extent a response is required, for its response to Paragraph 42, CHCSB is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42, and, therefore, denies the same.

43. The allegations contained in Paragraph 43 are directed to a separate Defendant, thus requiring no response for this Defendant. In addition, Paragraph 43 contains legal conclusions and legal argument to which no response is required. To the extent a response is required, for its response to Paragraph 43, CHCSB is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43, and, therefore, denies the same.

44. The allegations contained in Paragraph 44 are directed to a separate Defendant, thus requiring no response for this Defendant. In addition, Paragraph 44 contains legal conclusions and legal argument to which no response is required. To the extent a response is required, for its response to Paragraph 44, CHCSB is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44, and, therefore, denies the same.

45. The allegations contained in Paragraph 45 are directed to a separate Defendant, thus requiring no response for this Defendant. In addition, Paragraph 45 contains legal conclusions and legal argument to which no response is required. To the extent a response is required, for its response to Paragraph 45, CHCSB is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45, and, therefore, denies the same.

46. The allegations contained in Paragraph 46 are directed to a separate Defendant, thus requiring no response for this Defendant. In addition, Paragraph 46 contains legal conclusions and legal argument to which no response is required. To the extent a response is required, for its response to Paragraph 46, CHCSB is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46, and, therefore, denies the same.

SL 3937387.1

47. The allegations contained in Paragraph 47 are directed to a separate Defendant, thus requiring no response for this Defendant. In addition, Paragraph 47 contains legal conclusions and legal argument to which no response is required. To the extent a response is required, for its response to Paragraph 47, CHCSB is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47, and, therefore, denies the same.

48. The allegations contained in Paragraph 48 are directed to a separate Defendant, thus requiring no response for this Defendant. In addition, Paragraph 48 contains legal conclusions and legal argument to which no response is required. To the extent a response is required, for its response to Paragraph 48, CHCSB is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48, and, therefore, denies the same.

## COUNT III
### VIOLATION OF FLA. STAT. § 559.72(5)
Against Columbia Hospital Corporation of South Broward

49. CHCSB incorporates by reference Paragraphs 1 through 31 of the Answer as though fully set forth herein.

50. Paragraph 50 of the Complaint states legal conclusions and legal argument to which no response is required. To the extent a response is required, CHCSB is without knowledge or knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 and, therefore, denies the same.

51. Paragraph 51 of the Complaint states legal conclusions and legal argument to which no response is required. To the extent a response is required, CHCSB is without knowledge or knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 and, therefore, denies the same.

SL 3937387.1

52.     Paragraph 52 of the Complaint states legal conclusions and legal argument to which no response is required. To the extent a response is required, CHCSB is without knowledge or knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 and, therefore, denies the same.

53.     Paragraph 53 of the Complaint states legal conclusions and legal argument to which no response is required. To the extent a response is required, CHCSB is without knowledge or knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 and, therefore, denies the same.

54.     CHCSB denies the allegations in Paragraph 54 of the Complaint.

55.     CHCSB denies the allegations in Paragraph 55 of the Complaint.

56.     CHCSB denies the allegations in Paragraph 56 of the Complaint.

57.     Wherefore, having fully answered Plaintiff's allegations and specifically the allegations of Count III, CHCSB respectfully requests that this Court dismiss Count III, with prejudice as to CHCSB, award its costs incurred herein, and grant such other relief as the Court deems just and proper.

**AFFIRMATIVE DEFENSES AND OTHER DEFENSES**

A.      All allegations of the Complaint not specifically admitted by CHCSB are hereby denied.

B.      As and for its affirmative defenses, Plaintiff's Complaint fails to state a claim upon which relief can be granted in that Plaintiff's Complaint states mere legal conclusions without any factual support. Specifically, there are no facts or evidence provided to support the allegation that the Plaintiff suffered an accident and related injuries in the course and scope of Plaintiff's employment. There are no allegation as to Plaintiff's employer, the nature of the alleged injuries, or

the relation of the alleged injuries to the alleged employment. As a result, Plaintiff's allegations fail to state a claim as a matter of law.

   C. As and for its affirmative defenses, Plaintiff's Complaint is barred, in whole or in part, by the doctrines of laches, waiver, estoppel, and unclean hands for Plaintiff's failure to provide HSCB with sufficient notice of a possible work place injury.

   D. As and for its affirmative defenses, CHCSB states that Plaintiff has failed to plead the allegations with required particularity to describe the work related injury or the employer responsible for the fees related to any treatment for those injuries, failed to plead damages with required specificity, and has sustained no actual damages.

   E. CHCSB states that Plaintiff has not incurred any actual damages as a result of any alleged violation by CHCSB of the FCCPA. Alternatively, CHCSB asserts that any such damages incurred were not reasonably foreseeable and/or that Plaintiff has failed to mitigate his damages, if any.

   F. CHCSB states that Plaintiff has not met the prerequisites of the FCCPA, such that Plaintiff was not entitled to the protection of the FCCPA for all or part of the relevant time period outlined in the Complaint.

   G. Plaintiff's Counts II and III are improper attempts to expand recovery. Several Florida courts have interpreted the FCCPA language to limit a plaintiff's claim for damages to $1,000 per action, not per violation. See *Harrington v. RoundPoint Mortg. Servicing Corp.,* 163 F. Supp. 3d 1240, 1248 (M.D. Fla. 2016).

   H. CHCSB presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, and as of yet unstated, affirmative defenses available.

SL 3937387.1

CHCSB hereby reserves the right to assert additional affirmative defenses in the event discovery indicates that such would be appropriate.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant CHCSB respectfully requests that this Court dismiss Plaintiff's Complaint, with prejudice, award its costs incurred herein, and grant such other relief as the Court deems just and proper.

Dated: July 17, 2020

Respectfully submitted,

*/s/ J. Kirby McDonough*
J. Kirby McDonough, Fla. Bar No. 79031
SPENCER FANE LLP
201 North Franklin Street, Suite 2150
Tampa, Fla. 33602
Tel.: (814) 424-3500
kmcdonough@spencerfane.com
Attorneys for Defendant
Columbia Hospital Corporation of South Broward

SL 3937387.1

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document will be served electronically to the party as identified below on July 17, 2020:

Jibrael S. Hindi, Esq.
Thomas J. Patti, Esq.
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, FL33301
tom@Jibraellaw.com
jibrael@jibraellaw.com

Paul A. Herman, Esq.
Consumer Advocates Law Group, PLLC
4801 Linton Blvd., Suite 11A-560
Delray Beach, FL 33445
paul@consumeradvocatelaw.com

Joel A. Brown, Esq.
Friedman & Brown, LLC
3323 NW 55th Street
Fort Lauderdale, FL 33309
Joel.brown@friedmanandbrown.com

*/s/ J. Kirby McDonough*
Attorney for Defendant

SL 3937387.1